UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
AUDIEL MORENO AGUILAR,

                                  Plaintiff,

     -v.-

Case No.

**COMPLAINT**

GINO'S OF AZOGUES CORP. d/b/a Gino's Pizza,
and OSCAR ZUMBA,

                                  Defendants.
-------------------------------------------------------------------------------X

Plaintiff, Audiel Moreno Aguilar, by and through his undersigned attorney, Arthur H. Forman, hereby filing this Complaint against defendants Gino's of Azogues Corp. d/b/a Gino's Pizza ("Gino's"), and Oscar Zumba ("Zumba" and together with the Gino's, the "Defendants") states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal

question) and the FLSA, and supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367 (a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiff was employed by the Defendants in this district.

## **THE PARTIES**

5. Plaintiff, Audiel Moreno Aguilar is an adult individual residing in Queens County, New York.

6. Upon information and belief, Gino's of Azogues Corp. d/b/a Gino's Pizza is a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the County of Queens, State of New York at 86-35 Broadway, Elmhurst, NY 11373.

7. Defendant Zumba is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

8. Defendant Zumba is sued individually in his capacity as owner, officer and/or agent of Gino's.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

9. At all relevant times, Defendants owned, operated, or controlled a Pizza Shop located at 86-35 Broadway, Elmhurst, New York 11373, doing business under the name Gino's Pizza.

10. Defendant Zumba possesses or possessed operational control over Gino's, an ownership interest in Gino's and/or controls or controlled significant functions of Gino's.

11. At all times relevant herein, Defendant Zumba possessed substantial control over working conditions of Gino's, and over the policies and practices with respect to the employment and compensation of Plaintiff.

12. Defendant Zumba determines or determined the wages and compensation of the employees of Gino's, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

13. At all relevant times, Defendant Zumba was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

14. Defendants jointly employed Plaintiff and were joint employers within the meaning of 29 U.S.C. 201 *et seq.* and the New York Labor Law.

15. In each year from 2017 to present, Gino's had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

16. In addition, at all times relevant, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, much of the ingredients for the food they prepared were manufactured outside of the State of New York. In addition, many of the plastic utensils, pizza boxes and papers goods were manufactured outside of the State of New York.

17. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

*Plaintiff*

18. Plaintiff is a former employee of the Defendants who was hired in approximately 2011 to make deliveries, and later worked as a cleaner, stock person, pizza maker and cashier until March 1, 2020.

19. Plaintiff regularly handled goods in interstate commerce, such as flour, yeast, canned tomatoes and paper goods that were manufactured outside of the State of New York.

20. Plaintiff's work duties required neither discretion nor independent judgment.

21. During the entire time Plaintiff worked for Defendants, Plaintiff was paid his wages in cash. Plaintiff was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

22. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week. He typically worked six days per week with Tuesdays off. Each day he worked he had a paid one-half hour meal break.

23. From approximately 2013 until approximately December 31, 2015, Plaintiff worked four days each week from 10:00 a.m. to 10:00 p.m., and from 10:00 a.m. to 11:00 p.m. on Friday and Saturday, a total of 74 hours per week, for which Defendants paid Plaintiff $8.25 per hour for every hour he worked, including those hours in excess of forty each week.

24. From on or about January 1, 2016 to approximately December 31, 2019, Plaintiff worked five days each week from 10:00 a.m. to 10:00 p.m. and from 5:00 p.m. to 10:00 p.m. on Fridays, a total of 65 hours, for which Defendants paid him $12.00 per hour for all hours he worked including those hours in excess of 40 per week.

25. From on or about January 1, 2020 until March 1, 2020, Plaintiff's last day of work, Plaintiff continued working 65 hours per week. But Defendants raised Plaintiff's rate to $15.00 per hour, which Defendants paid Plaintiff for all hours he worked, including those hours over 40 Plaintiff worked each week.

*Defendants' General Employment Practices*

26. As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

27. Defendants engaged in their unlawful conduct pursuant to a business policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NYLL.

28. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

29. Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

30. Defendants failed to provide Plaintiff with wage statements at the time of her payment of wages, containing the regular and overtime rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

31. Defendants failed to provide Plaintiff, whenever her rate of pay changed, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FIRST CAUSE OF ACTION**
## **VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA**

32. Plaintiff repeats and realleges all paragraphs above as though full set forth herein.

33. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate.

34. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

35. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

36. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

37. Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

38. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

39. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

42. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

43. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

46. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

47. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Labor Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a).

50. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of New York Labor Law § 663.

51. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

54. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. With each payment of wages, Defendants failed to provide Plaintiff with a statement in writing listing each of the following: the overtime rate or rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

57. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiff;

b. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

c. Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor as to Plaintiff.

  d. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, and wages;

  e. Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

  f. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the FLSA;

  g. Awarding liquidated damages for the amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages under the FLSA pursuant to 29 U.S.C. §216(b);

  h. Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff;

  i. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff;

  j. Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, and wages;

  k. Declaring that Defendants' violations of the New York Labor Law were willful;

  l. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, as well as awarding spread of hours pay, under the NYLL;

  m. Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198 (1-d);

  n. Awarding Plaintiff liquidated damages for the amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation shown to be owed pursuant to NYLL §§ 198(1-a) and 663;

  o. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  p. Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

  q. Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated: October 15, 2020
    Forest Hills, New York

                   /S/
               ARTHUR H. FORMAN
               90-20 Metropolitan Avenue
               Forest Hills, New York 11375
               (718) 268-2616

               *Attorney for Plaintiff*